**ORIGINAL**

**REISSUED FOR PUBLICATION**
**SEP 25 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

**FILED**

**AUG 22 2018**

**U.S. COURT OF FEDERAL CLAIMS**

* * * * * * * * * * * * * * * * * *
PATRICIA MILLENDER,
as natural guardian and legal
representative
of J.R., a minor,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * * * * * *

No. 17-274V
Special Master Christian J. Moran

Filed: August 22, 2018

Attorneys' fees and costs, interim award, 15-week order

Patricia Millender, Houston, TX, pro se;
Nancy R. Meyers, Ward Black Law, Greensboro, NC, former counsel of record for petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES & COSTS ON AN INTERIM BASIS AND DENYING APPLICATION FOR STANDING[1]

Patricia Millender's former attorney of record, Nancy Meyers, filed a motion for an award of attorneys' fees and costs on an interim basis. For the reasons explained below, a reasonable amount is $20,456.59 and Ms. Meyers is awarded that sum.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

1

Fed Ex - 837583792124

## Procedural History

Represented by Ms. Meyers, Ms. Millender filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300a-10 through 34, alleging that her son suffered from urticaria as a result of the vaccines he received on October 26, 2015.  See Petition (filed Feb. 27, 2017).  In the subsequent months, petitioner also filed numerous medical records, affidavits, and other supporting documentation.  The parties apparently agreed on the tentative terms of a settlement and requested a 15-week order on December 18, 2017.

Less than a month later, the respondent filed a status report requesting that the 15-week order be withdrawn because the parties no longer had a meeting of the minds with regards to the terms of the settlement.  Resp't's Status Rep., filed Jan. 12, 2018.  Respondent also noted that he was under the impression that petitioner was seeking new counsel.  Following respondent's status report, the undersigned scheduled a status conference for February 20, 2018, to discuss Ms. Millender's next steps, with Ms. Millender herself ordered to participate.  Order, issued Jan. 19, 2018.

Ms. Millender did not appear at the February 20, 2018 status conference.  Petitioner's counsel, Ms. Meyers, stated during the conference that she had been unable to reach Ms. Millender by certified mail or by phone at three different numbers.  See order, issued Feb. 21, 2018.  In the order following the status conference, the undersigned set another status conference for March 20, 2018, and again ordered Ms. Millender to attend.  Ms. Meyers was again ordered to serve a copy of the order on Ms. Millender.

Ms. Millender did appear for the March 20, 2018 status conference.  See order, issued March 22, 2018.  Also on the call were Ms. Meyers and Mr. John Rice, J.R.'s father.  During the call, Ms. Millender stated that she was no longer interested in having Ms. Meyers's representation.  The undersigned advised Ms. Millender that she could either proceed representing herself or retain another attorney to represent her.  Petitioner was ordered to file a status report on her next steps by April 20, 2018.

Ms. Millender has not been heard from since the March 20, 2018 status conference.

On March 22, 2018, while Ms. Meyers still was counsel of record, Ms. Millender filed a motion for an award of fees on an interim basis, covering the period of Ms. Meyers' representation. In his response, the respondent has stated that he defers to the undersigned to determine whether petitioner has met the legal standard for an interim fees and costs award as well as the statutory requirements of any attorneys' fees and costs award under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp't's Resp., filed Mar. 28, 2018, at 2. Respondent further recommended that the undersigned exercise his discretion in determining the reasonable amount of any award. Id. at 3.

The day after filing the motion for interim fees, Ms. Meyers moved to withdraw as Ms. Millender's attorney. No objections were made by either Ms. Millender or the Secretary. The withdrawal motion was granted on April 19, 2018.

On May 25, 2018, Ms. Meyers applied for standing in this case for the purpose of amending her fees motion to reflect a downward change in her hourly billing rate for 2016 and 2017. Ms. Meyers' motion followed two recent decisions by the Chief Special Master setting Ms. Meyers' 2016 and 2017 rates at $350 per hour, $25 less per hour than Ms. Meyers originally requested.

The undersigned is aware of recent decisions concerning Ms. Meyers' hourly rate and Ms. Meyers need not be granted standing for the purpose of the undersigned's evaluation of the pending fees motion. Thus, Ms. Meyers' application for standing is DENIED. If Ms. Meyers believes that her interests must be represented on other grounds in this case going forward, she may reapply for standing.

## **Analysis**

Broadly speaking, resolving the pending motion for an award of attorneys' fees and costs on an interim basis requires consideration of three issues. The first is whether the petitioner is eligible for attorneys' fees and costs. If the petitioner is eligible, then the second issue is whether the petitioner should receive any attorneys' fees and costs at this time. The third question is, assuming that some award is appropriate, what constitutes a reasonable amount in this case.

**I.    Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs**

To be eligible for any award of attorneys' fees and costs, petitioner must satisfy the standards for good faith and reasonable basis. See 42 U.S.C. § 300aa—15(e) (2006). These are two separate elements. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The undersigned has little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

The Federal Circuit and judges of the Court of Federal Claims have provided some guidance as to what reasonable basis is not. A petition based purely on "unsupported speculation," even speculation by a medical expert, is not sufficient to find a reasonable basis. Perreira v. Sec'y of Dep't of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994) ("Congress must not have intended that every claimant, whether being compensated or not under the Vaccine Act, collect attorney fees and costs by merely having an expert state an unsupported opinion that the vaccine was the cause in-fact of the injury"). As another example, when "the medical and other written records contradict the claims brought forth in the petition," a special master is not arbitrary in concluding that reasonable basis for the petition did not exist. Murphy v. Sec'y of Dep't of Health & Human Servs., 30 Fed. Cl. 60, 62 (1993), aff'd without opinion, 48 F.3d 1236 (Fed. Cir. 1995) (table).

The evidence presented in this case supports a finding of reasonable basis. The medical records show that J.R. developed urticaria in the days following his four-year vaccinations. Exhibit 2 at 11. This same timeline was established in multiple medical records where J.R.'s mother brought J.R. back for treatment. Id. at 8; exhibit 4 at 342-47, 406-09. In addition, one of J.R.'s treating doctors, Dr. Javier Chinen, stated that he had reviewed J.R.'s medical records and had concluded that J.R.'s urticaria did in fact "appear to be related to immunizations." Exhibit 4 at 409. Thus, petitioner's claims in the petition are supported by the medical records and the statement by J.R.'s treating physician indicates that the claim of vaccine-causation is more than mere "unsupported speculation."

The tentative settlement also provides some ancillary support for the finding of reasonable basis. The parties' progress that culminated in the request for and issuance of a 15-week order distinguishes this case from Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 152–53 (2012). There, the Court stated that "settlement negotiations, standing alone, cannot equate to a finding that there was a reasonable basis for Petitioners' claim." Unlike Woods, an attorney from the Department of Justice had indicated that he was willing to seek formal approval from officials at the Department of Health and Human Services and the Department of Justice to pay Ms. Millender money. See Resp't's Status Rep., filed Dec. 15, 2017, at 1.

Accordingly, having weighed the evidence in the record, including Dr. Chinen's record, the undersigned finds that petitioner had good faith and a reasonable basis for her claim. Accordingly, petitioner is eligible for compensation for her fees and costs in bringing the claim. See 42 U.S.C. § 300aa—15(e).

**II.   Whether the Petitioner Should be Awarded Attorneys' Fees and Costs on an Interim Basis as a Matter of Discretion**

After a finding of good faith and reasonable basis, the special master may exercise discretion in awarding attorneys' fees and costs on an interim basis. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), aff'd, 133 S.Ct. 1886 (2012)); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010) (ruling that special master acted within discretion in

denying an award of attorneys' fees and costs on an interim basis). The Federal Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis. These include: "protracted proceedings," "costly experts," and "undue hardship." Avera, 515 F.3d at 1352. This list is illustrative, not exhaustive. The Court of Federal Claims has interpreted this language to mean that "some special showing is necessary to warrant interim fees." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300 (2011).

The undersigned finds the circumstances surrounding Ms. Meyers' withdrawal from this case and Ms. Millender's continued absence in these proceedings to constitute a sufficient basis for an interim award. Denying Ms. Meyers compensation at this time does nothing to further the objectives of the Vaccine Program while having the negative consequence of creating an additional disincentive for attorneys to represent vaccine claimants. That Ms. Millender and the Secretary do not contest the award of interim fees also weighs in favor of a finding that an interim award is appropriate.

### III.   What is a Reasonable Amount of Attorneys' Fees and Costs

The final issue is quantifying a reasonable amount for attorneys' fees and costs.

#### A.   Attorneys' Fees

As for what constitutes an appropriate fee award, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. See id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

1. *Hourly Rates*

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. Avera, 515 F.3d at 1348-49. The forum in Vaccine Act cases will always be Washington, D.C. because special masters operate as "extension[s] of the United States Court of Federal Claims." Id. at 1353. When deciding the reasonableness of requested rates, special masters may consider an attorney's overall legal experience and experience in the Vaccine Program, as well as the quality of the work performed. See McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).

Petitioner had one attorney work on this case, Ms. Meyers, from 2016 until 2018. Petitioner's motion for fees and costs requests $375 per hour for Ms. Meyers' work in 2016, 2017, and 2018. However, as mentioned earlier, Ms. Meyers' rates for 2016 and 2017 are more than the rates found reasonable by other special masters, decisions that the undersigned finds to be persuasive here. See, e.g., King v. Sec'y of Health & Human Servs., No.15-0486V, 2017 WL 2256674 (Fed. Cl. Spec. Mstr. Apr. 27, 2017); Wiersema v. Sec'y of Health & Human Servs., No.16-1430V, 2017 WL 3807014 (Fed. Cl. Spec. Mstr. Aug. 2, 2017). Accordingly, the fee award is adjusted to reflect an hourly rate of $350 for 2016 and 2017. However, the undersigned finds the rate of $375 per hour for 2018 to be reasonable based on inflation adjustments to Ms. Meyers' prior years' hourly rates. See also Blanco v. Sec'y of Health & Human Servs., No. 16-1142V, 2018 WL 3432894, at *2 (Fed. Cl. Spec. Mstr. June 5, 2018) (finding $375 to be a reasonable hourly rate for Ms. Meyers for 2018).

2. *Number of Hours Billed*

Having established reasonable rates, the undersigned turns to the amount of time Ms. Meyers billed on this matter in order to determine the total fee award. Ms. Meyers' billing records reflect clerical and excessive billing entries. As elucidated below, these findings indicate a reduction in the number of hours billed is appropriate.

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program because it is "considered as normal overhead office costs

included in attorneys' fees . . . ." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015). Moreover, billing for scheduling and calendaring deadlines is also not compensable because of its clerical nature. See Kerridge v. Sec'y of Health & Human Servs., No. 15-0852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017).

Billing records reflecting excessive billing are also subject to reductions. Repetitive billing for emails can be excessive when charging for sending and receiving emails separately. See Guerrero v. Sec'y of Health & Human Servs., 124 Fed. Cl. 153, 159 (2015) (ruling the special master was not arbitrary in deducting time charged for sending and receiving emails separately), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

In petitioner's case, there are ten clerical entries. These ten entries in the paralegal's billing reflect calendaring deadlines and filing documents. Fees & Costs Summary & Attorney & Paralegal Time Entries at 14-25. Because the Vaccine Program does not compensate for such clerical tasks, a reduction is appropriate.

Moreover, Ms. Meyers' records also reflect excessive billing for sending and receiving emails separately. Id. at 4-10. There are over ten occasions where counsel billed separately for sending and then for receiving emails. Id. The undersigned finds this form of billing not reasonable and that a further reduction is appropriate.

To account for the excessive billing, the undersigned finds a five percent reduction to be appropriate.

### B.   Costs

In addition to attorneys' fees, Ms. Meyers seeks compensation for costs expended. The total requested is $1,640.41. Revised Fees & Costs Summary. The undersigned finds all of the costs reasonable.

\* \* \*

Accordingly, petitioner is awarded:

**The total of $20,456.59, in the form of a check made payable jointly to petitioner and Nancy R. Meyers, of Ward Black Law for attorneys' fees and costs.**

This amounts represents reimbursement of attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

The clerk of the court shall provide a copy of this decision to Ms. Millender's former attorney of record, Nancy Meyers.

/s/ Christian J. Moran
Christian J. Moran
Special Master