ORIGINAL

REISSUED FOR PUBLICATION
SEP 25 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

FILED
AUG 29 2018
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * *
PATRICIA MILLENDER, \*
as natural guardian and legal \*  No. 17-274V
representative of J.R., a minor, \*  Special Master Christian J. Moran
\*
\*
        Petitioner, \*
v. \*
\*  Filed: August 29, 2018
SECRETARY OF HEALTH \*
AND HUMAN SERVICES, \*
\*  Decision dismissing case;
\*  failure to prosecute.
        Respondent. \*
* * * * * * * * * * * * * * * * * * * *

Patricia Millender, Houston, TX, pro se;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

On February 27, 2017, Ms. Millender filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging that her son suffered from urticaria as a result of vaccines he received on October 26, 2015. Ms. Millender has not been heard from since March 20, 2018, ignoring numerous orders, including an order to show cause for why her case should not be dismissed. Accordingly, her case is dismissed for failure to prosecute her claim.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. **Procedural History**

Represented by Ms. Nancy Meyers, Ms. Millender filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300a-10 through 34, alleging that her son suffered from urticaria as a result of the vaccines he received on October 26, 2015. See Petition (filed Feb. 27, 2017). In the subsequent months, petitioner also filed numerous medical records, affidavits, and other supporting documentation. The parties apparently agreed on the tentative terms of a settlement and requested a 15-week order on December 18, 2017.

Less than a month later, the respondent filed a status report requesting that the 15-week order be withdrawn because the parties no longer had a meeting of the minds with regard to the terms of the settlement. Resp't's Status Rep., filed Jan. 12, 2018. Respondent also noted that he was under the impression that petitioner was seeking new counsel. Following respondent's status report, the undersigned scheduled a status conference for February 20, 2018, to discuss Ms. Millender's next steps, with Ms. Millender herself ordered to participate. Order, issued Jan. 19, 2018.

Ms. Millender did not appear at the February 20, 2018 status conference. Petitioner's counsel, Ms. Meyers, stated during the conference that she had been unable to reach Ms. Millender by certified mail or by phone at three different numbers. See order, issued Feb. 21, 2018. In the order following the status conference, the undersigned set another status conference for March 20, 2018, and again ordered Ms. Millender to attend. Ms. Meyers was again ordered to serve a copy of the order on Ms. Millender.

Ms. Millender did appear for the March 20, 2018 status conference. See order, issued March 22, 2018. Also on the call were Ms. Meyers and Mr. John Rice, J.R.'s father. During the call, Ms. Millender stated that she was no longer interested in having Ms. Meyers's representation. The undersigned advised Ms. Millender that she could either proceed representing herself or retain another attorney to represent her. Petitioner was ordered to file a status report on her next steps by April 20, 2018.

Ms. Millender has not been heard from since the March 20, 2018 status conference.

On March 23, 2018, Ms. Meyers moved to withdraw as Ms. Millender's attorney. This motion was granted on April 19, 2019. In the April 19, 2019 order, Ms. Millender's deadline to file a status report on her next steps was extended to until May 11, 2018.

Failing to comply with the May 11, 2018 deadline to file a status report on her next steps, the undersigned issued another order for Ms. Millender to file a status report on her next steps by June 7, 2018. See order, issued May 15, 2018. Ms. Millender was warned that non-compliance with the order will result in the undersigned issuing an order for Ms. Millender to show cause for why her case should not be dismissed.

Because Ms. Millender did not comply with the June 7, 2018 deadline, on June 14, 2018, the undersigned issued an order for Ms. Millender to show cause for why her case should not be dismissed, pursuant to Vaccine Rule 21(b), for her failure to comply with the May 15, 2018 order. Ms. Millender has not responded.

## II. Analysis

It is petitioner's obligation to follow and respond to court orders and non-compliance is not favorably considered. The undersigned finds that petitioner has knowingly failed to respond to multiple court orders. As the undersigned advised petitioner in the June 7, 2018 Order to Show Cause, failure to follow court orders will result in dismissal of her claim. See Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("Controlling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed."); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996) ("Not only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute."); Vaccine Rule 21(b) ("The special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

### III. Conclusion

Petitioner has failed to comply with the undersigned's order to provide a status report on her next steps in this case as well as an order to show cause for why the case should not be dismissed for her failure to comply with the undersigned's orders.

**Accordingly, this case is dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

IT IS SO ORDERED.

_____
Christian J. Moran
Special Master